UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 24-25-DLB**

**ROBERT EDWARD SNEED**                                                             **PLAINTIFF**

**v.**                                              **ORDER OF DISMISSAL**

**COMMONWEALTH OF KENTUCKY, et al.,**                                       **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Robert Sneed is an inmate confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding without an attorney, Sneed has filed a complaint against Defendants the Commonwealth of Kentucky and the Department of Corrections. (Doc. #1). Because Sneed has not paid the filing fee and because he is a prisoner seeking redress from a governmental entity, his complaint is subject to initial review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Sneed's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based upon the Court's initial review, this action will be dismissed without prejudice. First, Sneed has not properly initiated a civil action in this Court because he neither paid the required filing fee nor did he file a properly-supported motion seeking leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915. Second, Sneed did not sign his complaint, as required by Rule 11(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed...by a party personally if the party is unrepresented.").

Aside from these procedural deficiencies, Sneed's complaint fails to adequately allege a viable claim for relief. The pleading standard announced in Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.; *See also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Vague allegations that a defendant acted wrongfully or violated the plaintiff's constitutional rights are not sufficient to state a claim for

2

relief. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Sneed's complaint alleges that "[t]he Department of Corrections in the Commonwealth of Kentucky and the Commonwealth of Kentucky [itself] state they are above the law." (Doc. #1 at p. 2). Sneed also refers to a "5-day Law" that he claims was passed by Kentucky lawmakers and claims that "the Commonwealth of Kentucky will lie to keep their 5-day Rule." (*Id*.). He also alleges that "the C.O. Wardens say they will do as they please and…I think maybe they are above the law with what they get away with." (*Id*.). Sneed appears to suggest that he seeks to pursue his claims on behalf of himself and other prisoners. (Id. at p. 3) ("We the prisoners feel a 2 hundred and 50 thousand dollar law suit may help stop this against [illegible] one named.").[1]

However, at no point in his complaint does identify the legal claim that he seeks to pursue in this case, nor do his vague, conclusory allegations regarding the Commonwealth and the Department of Corrections otherwise suggest what the legal nature of his claim or claims may be. In fact, the section of Sneed's form complaint in which he is asked to identify the rights under the Constitution and/or federal or state law that he alleges has been violated is left blank. (Doc. #1 at p. 4). However, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing

---

[1] As a *pro se* Plaintiff, Sneed may not bring claims on behalf of other prisoners. While 28 U.S.C. § 1654 authorizes a party to conduct a case on their own behalf, the Sixth Circuit has consistently interpreted § 1654 "as prohibiting pro se litigants from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (collecting cases). *See also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

3

*Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made.  *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").  Sneed's failure to clearly identify the legal claims that he seeks to pursue, as well as his failure to allege facts in support of such claims, does not give this Court license to create these allegations on his behalf.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).  For all of these reasons, his complaint will be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. Sneed's complaint (Doc. #1) is **DISMISSED** without prejudice;

2. The Court will enter an appropriate Judgment; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 28th day of October, 2024.

Signed By:
*David L. Bunning*   DB
United States District Judge

4